United States District Court
Southern District of Texas

**ENTERED**

June 17, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Harold K. Gause, | § § § | |
| *Plaintiff,* | § § § | Civil Action No. 4:25-cv-06347 |
| v. | § § § | |
| U.S. Department of Veteran Affairs and Doug Collins, | § § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM, RECOMMENDATION, AND ORDER

In this employment dispute, Defendants the U.S. Department of Veteran Affairs (the "VA") and Doug Collins, in his official capacity as Secretary of the VA, filed a motion to dismiss or, alternatively, for summary judgment or a more definite statement. Dkt. 10. After considering the motion, Plaintiff Harold K Gause's response, Dkt. 15, Defendants' reply, Dkt. 17, the record, and the applicable law, it is recommended that this suit be dismissed as untimely. Gause's motion to reconsider the denial of e-filing privileges, Dkt. 16, is denied.

## Background

The following facts are drawn from Gause's pleading (Dkt. 1) and the Merit Systems Protection Board's ("MSPB") initial decision (Dkt. 10-1). Gause worked for the VA as an equal employment opportunity investigator and

specialist until he was terminated in May 2024.  Dkt. 1 at 3, 10.  He filed a complaint with the VA asserting federal discrimination claims alongside a challenge to other personnel actions.  *Id.* at 4.

Gause filed an appeal with the MSPB on February 3, 2025.  *Id.* at 5.  On June 16, 2025, he moved to dismiss the appeal without prejudice so that he could seek judicial review in this Court.  *See id.*  The MSPB granted the request and dismissed Gause's appeal without prejudice under 5 C.F.R. § 1201.29.  *Id.* at 5-6; Dkt. 10-1 at 2 (June 16, 2025 initial decision).  As stated in the initial decision, Gause had 180 days (until December 15, 2025) to refile his appeal; otherwise, it would be dismissed.  *See* Dkt. 10-1 at 2.

But the initial decision also cautioned that it "will become final on **July 21, 2025** unless a petition for review is filed by that date."  *Id.*  The same paragraph pointed Gause to the ensuing section addressing his appeal rights.  *Id.* at 3.  The corresponding section addressing appellate rights explained that judicial review of a decision "based, in whole or in part, on unlawful discrimination" must be sought in a federal district court "within **30 calendar days** after this decision becomes final ...."  *Id.* at 8.  That deadline expired on August 20, 2025.

Several more months passed before Gause sought judicial review in this Court.  Dkt. 1 (filed December 30, 2025).  His complaint alleges (1) retaliation related to his whistleblower activity and disability accommodations requests,

(2) disability discrimination, and (3) a hostile work environment. *See id.* at 29-37.  Gause also sought e-filing privileges, Dkt. 2, which was denied, Dkt. 13.

Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or alternatively, for summary judgment.  Dkt. 10.  They also moved for a more definite statement under Rule 12(e).  *Id.* at 8.  Gause responded, Dkt. 15, and Defendants replied, Dkt. 17.  Plaintiff moved to reconsider this Court's order denying e-filing.  Dkt. 16.  Both motions are ripe for resolution.

## Analysis

### I.   This suit should be dismissed as untimely.

Defendants argue that this case should be dismissed because Gause was required—and failed—to file this appeal within 30 days of the MSPB's July 21, 2025 final decision, as required under 5 U.S.C. § 7703(b)(2).  Dkt. 10 at 6. Gause responds that the MSPB's July 21, 2025 decision did not trigger that 30-day filing deadline because it was a dismissal without prejudice and not on the merits.  *See* Dkt. 15 at 6-7.  Alternatively, Gause argues that the deadline should be equitably tolled because the MSPB's order did not adequately notify him about the filing deadline.  *See id.* at 14.

As explained below, Defendants are correct that Gause's suit is untimely, and the circumstances do not warrant equitable tolling.  Under Rule 12(b)(6) this Court should dismiss this suit with prejudice.

### A.     The Court reviews this issue under Rule 12(b)(6).

Defendants' reliance on Section 7703(b)(2)'s deadline for seeking judicial review—which is discussed further below—raises the threshold question of whether that deadline is jurisdictional.  Defendants are agnostic on that point, moving to dismiss either for lack of jurisdiction under Rule 12(b)(1), or on the merits under Rule 12(b)(6).  *See* Dkt. 10 at 1.

The Fifth Circuit has not resolved whether Section 7703(b)(2)'s deadline is jurisdictional.  *See Punch v. Bridenstine*, 945 F.3d 322, 333 (5th Cir. 2019) (declining to decide the issue).  But the Supreme Court's more recent decision in *Harrow v. Department of Defense*, 601 U.S. 480, 489 (2024), has classified the parallel deadline for appealing MSPB decisions to the Federal Circuit, 5 U.S.C. § 7703(b)(1), as non-jurisdictional.  This Court should follow the prevailing view post-*Harrow* to conclude that Section 7703(b)(2)'s analogous deadline is likewise non-jurisdictional.  *See, e.g., Davis-Clewis v. Dep't of Veterans Affs.*, 2025 WL 4052154, at \*4 (N.D. Tex. Dec. 31, 2025) (dismissing with prejudice appeal that was untimely under § 7703(b)(2)), *adopted by* 2026 WL 114980 (N.D. Tex. Jan. 15, 2026); *see also, e.g.*, *West v. Mayorkas*, 2024 WL 3878375, at \*7 (D. Md. Aug. 20, 2024) ("*Harrow*'s reasoning is equally applicable to" § 7703(b)(2)); *Rainsford v. SSA Comm'r*, 2025 WL 1993570, at \*2 (N.D. Cal. July 17, 2025) (applying Rule 12(b)(6), rather than 12(b)(1), to "[a] motion to dismiss for failure to comply with § 7703(b)(2)'s deadline").

4

Under Rule 12(b)(6), dismissal is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). *Pro se* pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### B. Legal framework for MSPB appeals

"The Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. § 1101 *et seq.*, establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012). "A federal employee subjected to an adverse personnel action … may appeal [his] agency's decision to the [MSPB]." *Id.* at 43 (citing 5 U.S.C. §§ 7512, 7701). "When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination" he is considered to have brought a "mixed case." *Id.* at 44 (citing 29 CFR § 1614.302 (2012)). Special procedures govern mixed cases. *Id.* at 44-45.

"If the MSPB fails to render a judicially reviewable decision within 120 days from the filing of a mixed case appeal," Section 7702(e)(1)(B) permits the

appellant to "pursue his claim in federal district court." *Stoddard v. Geren*, 2010 WL 774156, at *9 (S.D. Tex. Mar. 3, 2010)).  The appellant may do so "at any time after" the 120 days has elapsed.  5 U.S.C. § 7702(e)(1)(B).  That provision "is designed to save employees from being held in perpetual uncertainty by Board inaction."  *Kloeckner*, 568 U.S. at 54 (quotation omitted).

But once the MSPB has issued a judicially reviewable decision, Section 7703 governs.  *See id.* at 45 ("Section 7703 of the CSRA governs judicial review of the MSPB's decisions."); *Rendon v. Potter*, 2007 WL 1452932, at *8 (W.D. Tex. May 15, 2007) ("If the MSPB issues a final decision after more than 120 days have elapsed but before the complainant has brought suit, 5 U.S.C. § 7703 controls." (quoting *Butler v. West*, 164 F.3d 634, 643 n. 17 (D.C. Cir. 1999))).  Section 7703(b)(2) requires that mixed cases "be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action …."  5 U.S.C. § 7703(b)(2).

**C.    The deadline for judicial review expired on August 20, 2025.**

The parties agree that this is a mixed case implicating Sections 7702 and 7703 of the CSRA.  The controlling question is whether the MSPB's dismissal of Gause's case was a "judicially reviewable action" triggering the 30-day deadline under Section 7703(b)(2).

For this analysis, the Court takes judicial notice of the initial decision (Dkt. 10-1) attached to Defendant's motion to dismiss.  *See Terrebonne v.*

*Blackburn*, 646 F.2d 997, 1000 n.4 (5th Cir. 1981) (courts may take "judicial notice of agency records and reports"); *Porter v. Leavitt*, 2023 WL 2705855, at *6 n.5 (M.D. La. Mar. 14, 2023) (taking judicial notice of MSPB's initial decision as a public record referenced in the complaint), *adopted by* 2023 WL 2700697 (M.D. La. Mar. 29, 2023). That decision is appropriately considered at the Rule 12(b)(6) stage because it is referenced in Gause's complaint and central to his claims. *See* Dkt. 1 at 5-6 (invoking the MSPB's order granting dismissal without prejudice); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

The initial decision's "Notice to Appellant" states that it "will become final on **July 21, 2025** ...." Dkt. 10-1 at 2 (June 16, 2025 decision); *see also* 5 C.F.R. § 1201.113 ("The initial decision of the judge will become the Board's final decision 35 days after issuance."); *Ludwick v. Merit Sys. Prot. Bd.*, 2023 WL 1087889, at *1 (W.D. Tex. Jan. 27, 2023) (similar language in initial decision set the date that procedural dismissal became final). The decision further instructs that Gause "may obtain judicial review ... by filing a civil action with an appropriate U.S. district court ... within **30 calendar days after this decision becomes final**" on July 21, 2025. Dkt. 10-1 at 8 (citing 5 U.S.C. § 7703(b)(2); *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 420 (2017)). This instruction is consistent with Fifth Circuit precedent. *See Punch*, 945

7

F.3d at 325 ("The employee's deadline to file a complaint in district court is 30 days from the [MSPB's] final decision[.]").

Gause, however, maintains that Section 7703(b)(2)'s time limit was not triggered on the date that the MSPB's decision became final because (1) the initial decision allowed 180 days for appellant to refile his appeal before the MSPB, (2) the decision did not address the merits of the case, and (3) the dismissal was without prejudice. *See* Dkt. 15 at 6-7. Gause cites no caselaw, and this Court has found none, indicating that the MSPB's setting a deadline for refiling the appeal *before the MSPB* somehow altered the statutory 30-day deadline for seeking review *in a federal district court*.

Indeed, the CSRA's deadlines do not distinguish between dismissals without prejudice on procedural grounds and dismissals with prejudice on the merits. To underscore that point, Defendants cite *Kloeckner v. Solis*, 568 U.S. 41 (2012). *See* Dkt. 17 at 2. There, the Supreme Court rejected the government's position that "only decisions on the merits qualify as 'judicially reviewable actions'" that must be challenged in a federal district court under Section 7703(b)(2), rather than in the Federal Circuit under Section 7703(b)(1). *Kloeckner,* 568 U.S. at 53-54. The Court reasoned in part that Section 7703(b)(2)'s language does not distinguish between procedural and merits-related rulings. *See id.* at 53-55. That rationale leaves no room to draw a

8

procedural-versus-merits distinction for "judicially reviewable" MSBP rulings that trigger Section 7703(b)(2)'s deadline for judicial review.

Gause's generalizations about what constitutes a "final decision" for other purposes and under other statutes are not persuasive. *See* Dkt. 15 at 4, 7-8, 12 (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945) (order denying motion to vacate and dismiss condemnation petition was not a "final decision" subject to appeal under Section 128 of the Judicial Code); *King v. Provident Life & Accident Ins. Co.*, 23 F.3d 926, 929 (5th Cir. 1994) (res judicata); *Arrow Gear Co. v. Downers Grove Sanitary Dist.*, 629 F.3d 633, 636-37 (7th Cir. 2010) (finality of judgment for appellate jurisdiction)). Instead, CSRA regulations specify what renders a decision "final" for judicial review, stating categorically that "[t]he initial decision of the judge will become the [MSPB's] final decision 35 days after issuance." 5 C.F.R. § 1201.113. Applied here, the MSPB's June 16, 2025 initial decision automatically became final on July 21, 2025. And under Section 7703(b)(2), Gause's 30-day deadline for seeking judicial review of that final decision expired on August 20, 2025. Because Gause filed his complaint on December 30, 2025, Dkt. 1, his appeal is untimely.

### D.    Equitable tolling is not available here.

Alternatively, Gause requests equitable tolling. Dkt. 15 at 14. He claims that the initial decision "was not clear or did not provide required notice of

9

when the decision or what decision was clearly final to invoke the deadline filing period." *Id.* This argument fails.

Whether Section 7703(b)(2)'s deadline can be equitably tolled is an open question. *See Punch*, 945 F.3d at 332 (declining to decide "whether § 7703(b)(2) is subject to equitable tolling"); *Harrow*, 601 U.S. at 489-90 (characterizing the Supreme Court as "not the right court to now determine whether" Section 7703(b)(1) is subject to equitable tolling). But even if equitable tolling were available in theory, it is not warranted here.

"[E]quitable tolling is available 'only in rare and exceptional circumstances.'" *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam)). To merit tolling, a plaintiff must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). "Highlighting the doctrine's limited scope," the Fifth Circuit had stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (quotation omitted).

Gause has not shown that such extraordinary circumstances exist. Far from failing to provide adequate notice, the initial decision explicitly and

10

accurately alerted Gause—in bold and underlined text—that it "will become final on **July 21, 2025**," Dkt. 10-1 at 2, and any action for judicial review in district court must be filed "within **30 calendar days** after this decision becomes final," *id.* at 8.  Gause "was plainly put on notice by the MSPB's Notice of Appeal Rights …." *Davis-Clewis*, 2025 WL 4052154, at *5 (equitable tolling unwarranted); *see also Punch*, 945 F.3d at 332-33 (no equitable tolling where "[t]he MSPB told [appellant] in writing that any district court complaint must be filed within 30 days").  That Gause may have misunderstood the notice's import does not entitle him to toll the deadlines.  *See Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (neither "lack of knowledge of applicable filing deadlines," nor lack of counsel provides "a basis for tolling").

Further, as Defendants note, *see* Dkt. 17 at 3, Gause sought dismissal of his MSPB appeal precisely because he wanted to seek relief in this Court.  *See* Dkt. 1 at 5; Dkt. 10-1 at 2.  Yet he inexplicably waited for months thereafter to file this action.  That delay only reinforces why tolling is inappropriate.

Gause's untimely action should be dismissed with prejudice.  And given that disposition, Defendants' alternative request for a more definite statement (Dkt. 10 at 8-9) should be denied as moot.

## II.   Gause has still not shown that he should be permitted to e-file.

After filing suit, Gause also filed a motion requesting access to e-filing. Dkt. 2.  He argued that "[t]he nature of this case" and his prior experience filing

electronically merited this relief. *Id.* at 1-2. On March 26, 2026 this Court denied Gause's motion for e-filing privileges because the Court does not generally permit pro se parties to file electronically and Gause did "not proffer[] any reason why he should be allowed to do so." Dkt. 13 (order).[1]

A few days later, Gause filed objections to this order and moved for the Court to reconsider. Dkt. 16. The motion reiterated his previous arguments and added that the administrative record is long and includes documents that are less legible when printed out than when they are submitted as original PDF files. *See id.* at 2-3. Gause further notes that his postal office has a history of losing mail. *See id.* at 3.

Dismissal of this case, as recommended above, largely moots Gause's grounds for reconsideration. Moreover, Gause's desire to obtain electronic copies of filings can easily be addressed by giving Defendants permission to serve him with those filings by email. And this Court is already providing emailed copies of orders and opinions. No special circumstances merit giving Gause access to e-filing. His request for reconsideration is denied.

---

[1] Gause's complaint about errors in the Order are wholly immaterial to the result. *See* Dkt. 16 at 5. The so-called error was a mere typo that referred to Gause as a "defendant." Dkt. 13.

## Recommendation and Conclusion

For the foregoing reasons, it is **RECOMMENDED** that Defendants' motion to dismiss (Dkt. 10) be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE** under Fed. R. Civ. P. 12(b)(6).

It is **ORDERED** that Plaintiff Harold K. Gause's motion for reconsideration of his request to e-file (Dkt. 16) be **DENIED**.

The clerk of court is directed to send a copy of this opinion to Plaintiff, both by email and regular mail, to his record address.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 17, 2026, at Houston, Texas.

Yvonne Y. Ho
Yvonne Y. Ho
United States Magistrate Judge